# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CARY A. RAY, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:10-CV-2633-M-BH |
| | ) | |
| 1 BLACK DALLAS POLICE, et. al, | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

## I. BACKGROUND

On December 27, 2010, Plaintiff filed this action naming "1 Black Dallas Police" officer, the Dallas Housing Authority, and "Brooks Manor Apartment Manager Office Maintenance Man" as defendants. He claims that the Maintenance Man used a master key to get into his apartment and damage his property. (Compl.) He reported the damage to a police officer at the apartments but was later arrested for reporting officers who were allowing drug sales at the apartment complex. *Id.* He claims that four unnamed police officers violated his constitutional rights by arresting him without a warrant and imprisoning him at Parkland Hospital and Veterans Hospital for four days, that they keep threatening him because he reported drug use at his apartment complex, that they are receiving bribes from corporations, and that they are conspiring with the psychiatrist at the Veteran's Hospital to make it look like he has mental issues and to cover up a conspiracy that began in 1985 and resulted in his wrongful imprisonment in Houston, Texas, for twenty years. (Magistrate Judge's

Questionnaire Answers ("MJQ Ans.") 4).[1]  Plaintiff seeks $50,000 in damages. *Id.* at 19.

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. <u>Personal Property Claims</u>

Plaintiff alleges that a maintenance man entered his apartment and damaged his furniture. He also appears to sue a police officer to whom he made a report, the Dallas Housing Authority, and the Brooks Manor apartment complex based on this same allegation. (Compl. at 1; MJQ Ans. at 5).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] Plaintiff's answers constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court lacks subject-matter jurisdiction.

Here, Plaintiff asserts no federal statutory or constitutional basis for jurisdiction over his property damage claim, which appears to arise under state tort law. Federal courts have no jurisdiction over state claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper, however, only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Plaintiff does not allege the complete diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction"). Nor has he alleged damages exceeding the statutory amount. The Court lacks subject-matter jurisdiction over Plaintiff's property damage claims.[2]

**B. Claims against Unnamed Officers**

Plaintiff claims his constitutional rights were violated by unnamed officers on November 24,

---

[2]To the extent that Plaintiff seeks to have criminal charges brought against the defendants for the damage to his property by alleging that entry into his apartment constitutes a burglary, there is no constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). A civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007).

2010. (MJQ Ans. at 5, 14-15).

A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n. 2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 Fed. Appx. 717, *3 (5th Cir. 2007), *citing Colle v. Brazos County*, 981 F.2d 237, 243 n. 20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same). Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 Fed. Appx. 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n. 2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records); *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (unknown defendant was named with known defendants).

Here, Plaintiff initially only said he was arrested by the police. (Compl.) He later clarified that four officers arrested him but did not provide any identifying information. (MJQ Ans. 4). He

4

later claimed that four officers, one black male, one black female, one white male, and one Mexican, went into his apartment, but it is not clear that these are the officers who arrested him on November 24, 2011. (MJQ, Ans. 3). Despite an opportunity to provide names, or sufficient physical descriptions of the officers who arrested him, Plaintiff has not provided any additional information to enable either service of process or reasonable discovery to discover their identities. His claims against these officers would ordinarily be subject to dismissal without prejudice to his filing a new suit if he is able to identify them. As discussed below, however, his claims are factually frivolous and should be dismissed with prejudice.

## C. Threats, Illegal Arrest, False Imprisonment and Conspiracy Claims

Plaintiff claims that police officers threatened, illegally arrested, and falsely imprisoned him on November 24, 2010, because he reported them for allowing drug sales at his apartment complex. (MJQ Ans. 3, 4). He contends they told him they are getting bribe money from corporations named as defendants by a federal judge in 2005. (MJQ Ans. 3). He also claims that they conspired with a psychiatrist at Veterans Hospital, the Harris County District Attorney, a state judge, and the former Dallas mayor pro tem to make it seem as if he had a mental problem in order to cover up a conspiracy that began in 1985 to falsely imprison him for twenty years in Houston, Texas. (MJQ Ans. 3, 4, 5). He claims that numerous persons, including public figures, celebrities, and government officials, are aware of this conspiracy. (*Id.*).

Plaintiff's recitation of facts to support his claims rise to the level of the irrational and incredible and are based on fanciful, fantastic, and delusional allegations. *See Denton*, 504 U.S. at 32-33.[3] They should be dismissed with prejudice as factually frivolous.

---

[3]To the extent that Plaintiff's conspiracy claims are also intended to include his allegedly false imprisonment in 1985, they should also be dismissed as time-barred. "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant

## III. RECOMMENDATION

Plaintiff's property damage claims should be **DISMISSED** without prejudice for lack of subject matter jurisdiction. His remaining claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 15th day of June, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

to § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The Court "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). The statute of limitations for a suit brought under 42 U.S.C. § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, and Plaintiff therefore had two years to file suit from the date that his false imprisonment claim accrued. *Id.*; *see also Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000). His claim accrued when Plaintiff knew, back in 1985, of the injury which is the basis of this claim. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).